UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Robert Nagy,** | ) | **CASE NO. 1:12 CV 1686** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Portfolio Recovery Associates, LLC,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon Defendant's Motion to Dismiss with Prejudice (Doc. 23). For the following reasons, the motion is GRANTED.

Defendant moves to dismiss this action with prejudice as a result of plaintiff's failure to prosecute. Defendant points to the following conduct:

- In January and February of 2013, plaintiff failed to stay in contact with his attorney. At that time, plaintiff's responses to defendant's discovery were significantly overdue and defendant was unable to schedule plaintiff's deposition;

- Defendant was forced to file a motion to compel;

- On February 28, 2013, the Court granted the motion to compel and ordered plaintiff to respond to the outstanding discovery and attend his deposition by April 1, 2013. The Court indicated that it would dismiss this action if plaintiff

1

        failed to comply;

- Plaintiff again failed to fully respond to the discovery requests as directed by the Court. The Court then ordered plaintiff to inform this Court in writing as to why the case should not be dismissed;

- In response, plaintiff noted that the Court had been "gracious" in extending deadlines and requested further time in order to complete discovery;

- The Court again amended the scheduling order and required plaintiff to turn over documents by April 18, 2013 and complete a deposition by April 30, 2013;

- Plaintiff's counsel made repeated attempts to contact plaintiff in order to schedule the deposition. Despite numerous attempts, plaintiff's counsel was unable to schedule the deposition;

- The Court ordered plaintiff to appear at his counsel's office for a telephonic status conference to discuss, among other things, plaintiff's failure to cooperate with discovery;

- Plaintiff failed to appear as ordered.

The Sixth Circuit reviews a district court's dismissal under 41(b) for failure to prosecute for abuse of discretion. The four relevant factors are:

> (1) whether the party's failure is due to wilfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Kovacic v. Tyco Valves & Controls*, 433 Fed. Appx. 376 (6th Cir. Aug. 2, 2011).

      Upon review of these factors, the Court finds that a dismissal with prejudice is appropriate based on plaintiff's conduct in this case. The Court finds that the conduct of plaintiff himself demonstrates a wilful failure to appear, participate in discovery, and comply with Court orders. In addition, defendant was prejudiced by plaintiff's failures in that defendant was wholly unable to complete discovery or depose the plaintiff. Moreover, the Court warned plaintiff that failure to complete his deposition would result in dismissal. Plaintiff continued to defy the

Court's orders, yet the Court did not automatically dismiss this action. Rather, the Court ordered plaintiff to appear by telephone at the status conference in order to discuss these issues. Plaintiff, however, failed to appear. Accordingly, the Court gave plaintiff express notice that the failure to complete discovery could result in dismissal and then further allowed plaintiff the opportunity to appear in order to discuss the failures before imposing dismissal. The Court considered less drastic alternatives, namely a dismissal without prejudice, but the Court finds that a dismissal with prejudice is warranted based on plaintiff's repeated failures to comply with discovery requests and this Court's orders. Plaintiff has shown a complete lack of interest in prosecuting this case, to the detriment of the defendant. Accordingly, the Court finds that a dismissal with prejudice is warranted.

      IT IS SO ORDERED.

                              /s/ Patricia A. Gaughan
                              PATRICIA A. GAUGHAN
                              United States District Judge

Dated: 5/10/13